Yes on behalf of myself and my two minor children good morning Your Honours and may it please the court. Essentially I'd like to start by saying that the District Court made numerous errors in this case. First and foremost it appears that the District Court did not construe the complaint in the best interests or did not construe the complaint reading it in the best light for the plaintiffs that's pretty clear from the judgment rendered by the court. I've mentioned this in my brief it appears that at one point the judge actually says thus it appears to the court that Firth may have been simply doing her job that's something which betrays the inability of the court to properly read the complaints and construe it in the favor of the plaintiffs. He's even made numerous factual errors. What's clearly alleged in the complaint is that when the father was interviewed by the social worker the social worker got upset because the father was asking questions he was wanting to know what the allegations were the social worker left. Let me ask this and I think in this case you are the plaintiffs if I understand correctly right? That's correct. So you know the facts well. Yes. You indicate that the defendant's actions had a chilling effect. In what way were you chilled by the alleged retaliation? Seemed to me you were really active in protecting yourself or not chilled at all. What am I missing? Well I'm not sure if the fact whether I was chilled or not is the standard. I think it is if the reasonable person if the average person was chilled and the average person would certainly be chilled and I was chilled obviously. It's very worrying and I put this in the complaint I put that when I when I mentioned the damages very worrying when you think the government's out to get you for whatever reason and they're child abuse record and the child abuse registries. What case or cases would you cite that include social workers in the if you will the the literature so that social workers would know that they were potentially liable for what occurred in this case? Well there's no case directly on point your honor but that's not required. I believe in an obvious case it's simply not required and my basic submission is is that this is most definitely an obvious case. I would say that common sense dictates that. The Supreme Court and I think I've cited a couple of cases that affected clearly stated that a public employee or somebody in administrative or with police powers cannot retaliate against somebody for exercising their First Amendment rights and I believe I cited Crawford L versus Britain and there's Hartman and Mann I believe which say that the the cases of White and Kinsella both specifically provide that there is an exception to the rule that there has to be a case on point and that's in the event that the case is obvious. Okay well but in this case you got social workers they have a tough job you I think you would agree with that even though you don't like these particular ones. They're doing what they think is necessary to protect children. It's a tough job. You don't agree with the way they did it but how are they supposed to know based upon the status of the law that what they did was a violation of your constitutional rights? Well first of all it's common sense. I mean every every social worker must know that it's wrong to fabricate allegations and place somebody on the child abuse register. They must know that. They cannot possibly know that. So that that's so what about for example interviewing the children in consent. Well how would they know that was a violation of your constitutional rights? I agree with your honor on that. I'm not I'm not alleging that they're personally liable for that. There is that there is no clear case which says a social worker may not interview children at school without parental consent and I'm only suing the county for that. What are the allegations that you say they fabricated? Well they fabricated that I'd abused my children and they placed me on the register. Well well let's separate. So I thought your your retaliation claims were based on encouraging the mother to get custody. It sounds like you're putting that aside. That's not part of what you're arguing right now. No there's two bases to it. One is that they they directly retaliated by trying to suborn the mother to get custody and secondly they further. But in that one did they are you have you alleged that they fabricated anything or just that they shouldn't have been encouraging the mother to do that? Well well yes it's a bit it's it's both in the sense I mean what they did was they went to the mother and they said you have to apply for custody or essentially we'll do it for you we'll take the kids from you. But do you have any evidence that at the time they were doing that they didn't have real concern about the children? I mean maybe they later figured out they don't have so much concern but at the time that they did that isn't there reason and even in your the the limited materials we have to believe that they had reason to think that there was some concern? No there isn't there's no reason whatsoever they had no reason whatsoever to think that and I've pled that quite clearly. They could never they never told me what the allegations were specifically asked them that. When I was interviewed the only thing they could come up with was I'd been drinking and driving with my children. I've had a driver's license for all my life over in Europe and here never had a DUI. There's no there's not an iota of evidence that I drink and drive I don't. There's no evidence for any of this it was all as amazing as it may seem they made it all up and I believe if this case proceeds and I can go to discovery I'll prove it as well. And you're alleging that this was done after you spoke up and objected to the interviews? Exactly what I'm saying what happened was they came to my house and announced and they said I had a substance abuse problem whatever I'm absolutely I've no idea what they're lady what the allegations were against me she refused to tell me point-blank and I asked her I said I said what are you alleging I've done and it they wouldn't tell me and then she got the supervisor on the phone it's all in the complaint and then she fled almost in a very emotional state and the next thing I know I'm on the receiving end of an ex-party an ex-party application to take my kids from me and this is directly related to this is retaliation I sent them a letter I faxed it to them oh it was quite an intemperate letter I was pretty angry at the time they received it they obviously said all right let's get this guy and that's and that's what happened and I believe if I could if I can take this case to discovery I'll prove that and as to the listing how so I know that the district court thought you weren't even ever listed but I know you think that that was not an uncharitable construction of the complainer unreasonable so if we take your view that you were listed how long do you think you were listed well I would say could have been at least maybe two months something like that it's impossible for me to know without conducting discovery and it doesn't seem that you have any allegations that in that time you were prevented from coaching prevented from chaperoning field trips or anything else is that right I wasn't prevented from doing that but I had to declare it to the police because of this the time I was getting harassed enormously at the cops come round and I had to disclose that to them I had to say that I'd been I was listed because I believed I was listed and I still do I wasn't sure what you meant so in that interaction when you said you had to disclose to the police what what was the circumstance that meant you had to disclose to the police well what happened was when all this was going on and largely related to this I had the police that my wife was caught was calling the police I had numerous welfare checks and I had the police come around the welfare check was with the children and they did ask me they said have you have you ever have you ever been have you ever had a problem and I had to say yeah I'm sorry I've just been listed I had to tell them that because that was about a week after I got the letter from them saying that I've been listed so the police came because you owed your ex-wife some money she claimed is that correct I've know I think quite they came because because my ex-wife may call the welfare check on me when I was with the children so the sorry so is exhibit F the document that that says you you're saying says you're listed no that's yet another exhibit this was this was this was going on constantly for about two months when I was getting constantly harassed and and when I told the police I was listed was when the police and I don't believe there's an exhibit to that I don't believe I ever got the police report is when they came around my house on a welfare check and they specifically asked me whether or not I had problems with CPS and I had to say yes sorry I've just been listed and what was your basis at that point for thinking you'd been listed because I received official correspondence from CPS saying I had been listed because exhibit F sounds more like the social workers were saying something to the State Department of Justice which then would need to list you and since there's a lag and they eventually corrected it I wasn't sure exhibit F showed that you actually were listed well I don't well I'm not sure well maybe they did correct it I don't know without conducting discovery what they really did but what happened was I received correspondence official correspondence with CPS saying that I had been listed subsequently I called is that correspondence in the record I'm not sure if that's if that if that is in the record it may not be but I certainly pledged it and subsequent to that I called them up and I said what are you listing me for because two weeks prior they told the courts they'd informed the courts that there was that I that it was all inconclusive so it went from inconclusive to being conclusive for no for I've no idea why that's why I'd like to conduct discovery of course then I subsequently called them they said yes you have been listed and they said by would you like would you like help filling the forms out so not only did they send a correspondent saying it listed me they also confirmed that perplexed that they're claiming I'm not listed I don't believe them other questions by my colleagues all right thank you council here from the county and for the defendants good morning your honors may it please the court my name is Christina Snyder I represent the individual social worker defendants and the county this court should affirm the district court's ruling for three reasons the social workers are entitled to qualified immunity the social workers let me ask you this counsel as you know first member retaliation doctrine has been applied across the range of a whole bunch of government actors I don't find any for social workers but doesn't common-sense suggest that they should also prospectively be included in the list of those who can violate people's of course all government actors can commit a constitutional violation but there is no clearly established precedent or there's no right but so is your argument that there was no clearly established precedent that included social workers or that there's no clearly established precedent that said that these activities by social workers were unconstitutional it's actually a combination of both and that there are two prongs to the the qualified immunity analysis and sometimes the courts do decide to look at the first prong whether there whether there was a constitutional violation in order to inform the second prong whether there was precedent that held that this particular constitutional violation was clearly established and the reason for that is because the facts are so particular lies so here we have to look at the fact that this is a social worker context that's a and we have to look at precisely what the social worker did here so this is a social worker context where the social workers are supposed to be protecting the welfare of the children and the First Amendment cases that are cited by Mr. Kapp and that the skug skug case Duran Ford case all of those you have malicious prosecution malicious arrest you're a person said shot off his mouth according to those cases and then the police used their police powers and they arrested the person that's not what the social workers are doing here not exercising their police any police powers they're not arresting anybody they're just investigating and they're making recommendations in order to ensure the welfare of the children but as Mr. Kapp made clear he hasn't been allowed to conduct discovery we don't really know exactly what happened I'll be honest maybe he doesn't have the strongest case but this case was dismissed at the pleading stage and don't we have enough to get beyond qualified immunity at the pleading stage that government official he's pled that these were government officials who retaliated against him because he exercised his First Amendment rights now can he prove that at trial or to survive a dispositive motion I don't know but he hasn't been allowed to conduct any discovery shouldn't he be allowed to do that no your honor qualified immunity can be decided on a motion to dismiss and this court has recently I recognize that I guess I'm hung up on the fact that how specific does the prior case have to be if we require it to be on all four you know on all fours then is is any case going to survive qualified immunity I mean we have previous cases that have said government officials in the role of a police officer a prison official a school board and Postal Service inspectors and perhaps more can't retaliate on First Amendment grounds do we have to have a case that says specifically social workers can't do it shouldn't they take notice that all government officials wanted when the courts addressed this question they've always ruled the government officials can't do this no your honor of those cases are not specific and particularized enough to this context to put the social workers in this case on notice because of a distinct job of their work they are supposed to be protecting the welfare of the children they are required under the Welfare Code and the Penal Code to conduct an investigation they had to go interview children they had to go talk to Deborah Kapp they had to do these things so they are required to do some things and then they're also required to make recommendations as the district court found that perhaps Miss Firth was just doing her job they're required to protect the welfare of the children so there needs to be a case that's in this particularized context to show that Miss Firth was violating the Fourth of the First Amendment rights and further the record in this case is certainly sufficient at this point to affirm the denial and affirm the courts holding below and as you know from the way you answered the question you know that Pearson allows us to answer either problem in whatever order we decide and probably one of the reasons we don't have anything about social workers is people have gone to the second prong and said well in this case no matter what it doesn't work if we conclude that social workers should not be excluded but there's no liability in this case therefore there would be qualified immunity is that something to which you and your clients would object in other words if we found that social workers should be listed among the others that violating constitutional rights under a First Amendment retaliation theory but arguably perhaps not and they didn't do it in this case would you have any objection to that no your honor they did not violate the First Amendment in this case so can you explain why so let's assume social workers are covered by the First Amendment which you'd have to make an argument why they're not covered by retaliation aspects of the First Amendment or something what is your argument that there isn't a constitutional violation here if we get past just the clearly established issue well just on the record and as you're on referred to earlier we can look at the declaration of Deborah Kapp which was attached to the complaint so it's part of the record and as you see Miss Kapp stated multiple reasons that she was going to seek temporary sole custody of her children that had absolutely nothing to do with Miss first recommendation and the Iqbal Twombly standard of plausibility doesn't require that you just assume everything that the plaintiff has alleged is automatically correct and plausible there is the there's the doctrine of the obvious alternative explanation so Neves was a recent Supreme Court case that talked about retaliation and arrest and said if there's probable cause to arrest we're not really worried about whether there might be also a retaliation motive it seems like you're making an argument like that here as to the custody issue am I right it's a similar argument I I mean I can see that Nevis doesn't actually control this case but it is a similar argument that there are multiple other reasons with one distinction there are multiple other reasons that Miss Firth made this recommendation however in Nevis the court also acknowledged that if there was some retaliation you also had to plead that there was no probable cause I'd argue in this case there's no evidence of retaliation at all all we have is mr. Kapp saying well obviously because miss first made this recommendation that's retaliation that's a listing so what how do you explain the listing the CAC I listing it was a mistake and there are actual allegations in the record FAC 54 where one of our social or one of our employees this county's employees called him and said you were not listed on the khaki and then the letter which I believe is attached as exhibit I again was said you were not listed on the khaki for this it's an unfortunate mistake but he's alleged other places that he was told he was so I think he has a pretty strong argument that charitably reading the complaint with inferences in his favor would suggest that he was listed for a brief time well again I'll go back to the obvious there are two responses to that first is the obvious alternative explanation the Iqbal Twembley standard of obvious alternative explanation we can assume we can hyper technical reading of the complaint we can say yes he says he was a let he was on the khaki for a short period of time and therefore he must have been or you can look at the exhibits and say ah okay well a our social workers sent a letter to the family court on September 18th saying these allegations are deemed inconclusive they sent a letter to the family court they made a representation well a couple weeks later he gets a listing the khaki listing saying these allegations are deemed substantiated you can look at those two allegations and then also the allegation that a couple of weeks later we had a person from the county column and say sorry you were never listed on the khaki and there's a letter that says sorry you weren't listed on the khaki look at those allegations and the obvious alternative explanation which is more plausible in this case is that it was a mistake it was just a mistake but even if it's why is your explanation more plausible than his I mean isn't that a material issue of fact and shouldn't the court have allowed him to proceed with discovery and perhaps rule in the county's favor at the dispositive motion stage but your client created an issue of fact on its own without any prompting and sent conflicting information so why why is the county's explanation more plausible than mr. caps explanation well now we're digging really deeply into the Iqbal Twombly standard but if you have two explanations which are just as plausible as each other which I don't think we have here because there's so much evidence that it was just a mistake but if you have two explanations for conduct that are just as plausible you have two obvious alternative explanations it's insufficient for the plaintiff just to plead this happened and it was bad and there was nefarious intent the plaintiff also has to plead facts which would show that the defendant's alternative explanation is implausible that that did not occur and all we have are his conclusory statements that obviously the social workers were retaliating against him other questions all right thank you we could probably talk about this for a long time but we thank you both for your argument thank you the case just argued is submitted
judges: M. Smith, Friedland, Bastian